Amelia FERREIRA, et al.

v.

**UNITED SERVICES AUTO
ASSOCIATION.**

**No. 91–260–Appeal.**

Supreme Court of Rhode Island.

Dec. 12, 1991.

Cort B. Chappell, Portsmouth, for plaintiffs.

Shannon Gilheeney and C. Russell Bengtson, Providence, for defendant.

**ORDER**

This matter was before the Supreme Court on an order issued to the plaintiffs to appear and show cause why their appeals should not be denied and dismissed. The plaintiffs had appealed from a granting of partial summary judgment in favor of the defendant, United Services Auto Association in the Superior Court.

In connection with an action for declaratory judgment in Superior Court, the plaintiff sought a construction of an insurance policy that would have, by reason of stacking, provided $600,000 per person and $1 million per accident coverage limits; a holding that the uninsured motorist coverage covered the negligence claims of Amelia and Frank Bors, Jr. and that a loss of consortium claims of Frank Bors, Jr. to include the loss of consortium claim within the "per accident" limit of the policy to include Frank Bors, Jr.'s loss of consortium claim.

On appeal plaintiff raises 3 issues.

■ On the first issue the trial justice ruled that G.L.1956 (1989 Reenactment) § 27–7–2.1(C), the stacking statute so called, does not apply retroactively to prohibit the anti-stacking language of an insurance policy issued and effective before the effective date of the statute. Since the language of the statute does not indicate the Legislature's intent to make the statute retroactive, and it does not appear to do so by clear, strong language or by necessary implication that the Legislature so intended, the trial justice in our opinion was correct.

■ The plaintiff, Amelia Ferreira, next challenges the trial justice's ruling that she was not "occupying" the insured vehicle at the time of the accident. Actually, she was

struck as she began to cross the road to reach the insured vehicle parked across the street from her. Our opinion in *General Accident of America v. Olivier*, 574 A.2d 1240, 1241 (R.I.1990) is not applicable to this case.

 Finally, the court concludes that the trial justice correctly ruled that the claim of Frank Bors, Jr. whose wife died as a result of this accident, for loss of consortium is included within the "per person" limit and not the "per accident" limit of the insurance policy with the defendant.

Therefore, the plaintiffs' appeals are denied and dismissed, the judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court.